## GASCON v. GUBELMANN.

Court of Appeals of the District of Columbia. Submitted March 14, 1927. Decided May 2, 1927.

No. 1888.

Patents ⬤�91(4)—Party to interference proceeding held not entitled to priority of invention for printing mechanism subdivided for multicolumn work having shiftable paper carriage.

Party to interference proceeding involving invention of printing mechanism subdivided for multicolumn work, having a laterally shiftable paper carriage and means for separately preventing printing operations in different subdivisions *held* not entitled to priority on strength of prior patent.

Appeal from Commissioner of Patents.

Patent interference proceeding between Malcolm F. Gascon and William S. Gubelmann. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeals. Affirmed.

A. V. Cushman, of Washington, D. C., G. M. Dowe, of New York City, and F. P. Davis, of Chicago, Ill., for appellant.

C. S. Grindle, of Washington, D. C., and E. C. Sanborn, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an interference proceeding in which the count of the issue corresponds to claim 1 of a patent issued to appellant Gascon on November 1, 1921, on an application filed February 7, 1919. The interference was declared on an application filed by appellee, Gubelmann, September 19, 1912, in which he presented an amendment on April 10, 1922, copying the claim in issue from the Gascon patent, which reads as follows:

"(1) Printing mechanism subdivided for multicolumn work; (2) a laterally shiftable paper carriage; (3) means for separately preventing printing operations in the different subdivisions of the printing mechanism; and (4) means variably set by the paper carriage in its different column positions to determine the extent of imprint elimination according to said subdivisions."

Inasmuch as Gascon's earliest date was subsequent to the filing date of the Gubelmann application, an order was issued requiring Gascon to show cause why judgment of priority on the record should not be rendered against him. Gascon responded by a motion to dissolve the interference on the ground that Gubelmann could not claim the count in issue. The motion was denied by the Law Examiner. On failure of Gascon to make other showing, a judgment of priority against him was rendered by the Examiner of Interferences. This judgment was affirmed by the Examiners in Chief, whose opinion was affirmed by the Commissioner of Patents, and from the decision of the Commissioner this appeal was taken.

The mechanism involved is complex, and, in the light of the elaborate opinions of the tribunals below, we deem it unnecessary to enter into any prolonged discussion as to the issue involved, further than to affirm the conclusion reached by the Commissioner, as follows:

"Gascon urges that Gubelmann does not have the 'separately preventing' means and the 'variably set' means recited respectively in the third and fourth elements of the count. Gubelmann can prevent printing in only one column, or in both columns. When he prevents printing in but one column, it is always the same column. He cannot eliminate printing in the other column, without eliminating it in both. The order of elimination, however, is also fixed in the Gascon machine. In it any elimination must include the printing of folio numbers. Dates can be eliminated in connection with folio numbers, but not independently thereof, or separately therefrom. Charges can be eliminated in the printing only when dates and folio numbers are likewise eliminated. It is therefore apparent the third element of the count reads on the Gubelmann machine in the same manner it reads on Gascon's machine. As to the fourth element of the count, Gubelmann has a plurality of members variably set by the paper carriage to eliminate either a portion or all of the printing. In Gascon a single member is variably set for this purpose. The count is not limited to variable setting of one and the same member. It

calls broadly for 'means,' which well may be Gubelmann's plurality of members."

The decision of the Commissioner is affirmed.